UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19 CR 128 |
| | ) | |
| HERMAN L BANKS | ) | |

**O R D E R**

Following a stop during which a firearm and ammunition was discovered in his vehicle, defendant Herman Banks was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Banks moved to suppressed the evidence seized from his vehicle during the stop and his statement to law enforcement after his arrest. (DE # 44.) In March, this court denied Banks' motion in part, and referred disposition of his remaining argument, regarding the issue of the admissibility of the evidence discovered in Banks' vehicle, to Magistrate Judge Joshua P. Kolar for a report and recommendation. (DE # 55.)

Magistrate Judge Kolar conducted an evidentiary hearing (DE # 61), and subsequently recommended denial of the motion to suppress based on his finding that none of the interactions the officers had with Banks leading to the discovery of the evidence in question violated the Fourth Amendment, as these interactions: (1) did not amount to a seizure; (2) were performed as part of the officers' community caretaking function; or (3) were supported by reasonable suspicion, and the detention was appropriately limited in scope and duration. (DE # 69.) Magistrate Judge Kolar recommended that this court deny the remainder of the motion to suppress. (*Id.*)

In the Report and Recommendation, Magistrate Judge Kolar explicitly warned Banks that any objection to the Report and Recommendation must be filed within 14 days, and that failure to timely file an objection would result in a waiver of his right to challenge the Report and Recommendation before this court or the Court of Appeals. (*Id.* at 18.) Banks had until June 18, 2021, to file an objection to the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). He neither filed a timely objection nor sought an extension of time to do so. Seven days after the deadline expired, on June 25, 2021, Banks filed the objections now before this court. (DE # 70.)

If a party files a timely objection to the magistrate judge's report and recommendation, the district judge must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). However, "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2); *see also United States v. Street*, 917 F.3d 586, 597 (7th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (Section 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). By failing to file a timely objection to the Report and Recommendation, Banks waived his right to have this court review Magistrate Judge Kolar's factual or legal findings.

Accordingly, the court **OVERRULES** defendant's objections to the Report and Recommendation. (DE # 70.) The court **ADOPTS** Magistrate Judge Kolar's Report and

2

Recommendation (DE # 69) and **DENIES** defendant's motion to suppress (DE # 44).

The court **STRIKES** the Government's deadline to file a response. (DE # 74.)

**SO ORDERED.**

Date: August 5, 2021

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT